# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**DAVID LAMAR JOHNSON, Sr.**                                                       **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 3:07-CV-156-H**

**KEN M. HOWARD et al.**                                                   **DEFENDANTS**

## MEMORANDUM OPINION

The plaintiff, David Lamar Johnson, Sr., filed a *pro se*, *in forma pauperis* complaint alleging violations of his civil rights, as well as claims arising under state law (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

The plaintiff sues Ken M. Howard, Steve Wheatley, and "John" and "Jane Does," all of whom are employees of the Hardin County Attorney's Office Child Support Division, the Hardin County Attorney's Office, and the Cabinet for Health Family Services in Elizabethtown and Frankfort, Kentucky. He alleges that from August 1997 until November 2001, he was arrested several times in Alabama based on charges against him from the Hardin County Attorney's Office regarding non-payment of child support. He states that after his arrest in November 2001, he was transported to Elizabethtown, Kentucky, where he was placed in the Hardin County Jail until May 16, 2002, when a jury returned a not-guilty verdict on those charges.

The plaintiff alleges that the defendants maliciously prosecuted him and conspired to arrest him on false charges, having never investigated or otherwise confirmed the charges against him. He further alleges that because of the wrongful indictment he was falsely imprisoned,

during which time he was forced to live in dirty jail cells and endured a 49-hour transport from Alabama to Kentucky in November 2001 in leg irons and cuffs. He alleges that the defendants engaged in abuse of process in obtaining the warrants because the warrants were used to damage his reputation and intimidate him. He contends that the defendants intentionally inflicted emotional distress by subjecting him to false arrest over and over, wrongfully imprisoning him, subjecting him to cruel and unusual punishment, and refusing to take corrective action once he told them that he owed no child support. He also alleges that, on April 11, 1999, the defendants defamed him by publishing in the Elizabethtown, Kentucky, newspaper a false and defamatory statement about him and the indictment against him. He also alleges that he was defamed when he was arrested on February 5, 1999, at his job in front of his superiors and co-workers, causing him humiliation and the loss of his job.

The plaintiff asks for a declaratory judgment that the defendants' child-support practices and policies are violative of 42 U.S.C. § 1981 and a permanent injunction against continued violations of § 1981. He also requests compensatory and punitive damages and any other relief that justice may require.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). Therefore, the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* (internal quotation marks and citations omitted).

### *The nature of the complaint*

The plaintiff's complaint specifically states that he is alleging violations of 42 U.S.C. § 1981. Section 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

§ 1981(a). The statute has been construed as a prohibition against certain forms of racial discrimination. *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 608-10 (1987). The elements of a claim under § 1981 are: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e. make and enforce contracts, sue and be sued, give evidence, etc.)." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2nd Cir. 1993). The alleged discrimination must have taken place as a result of the plaintiff's race. *Id.* at 1088.

The plaintiff does not allege anywhere in his complaint that the alleged constitutional/federal law violations were based on his race or even what his race is. Therefore, the Court wonders whether the plaintiff intended to cite 42 U.S.C. § 1983. Section 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government. *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989). A plaintiff who wishes to complain of constitutional violations by government officials must use § 1983. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992); *Henderson v. Corr. Corp. of Am.*, 918 F. Supp. 204, 208 (E.D. Tenn. 1996). However, both § 1981 and § 1983 are subject to a one-year statute of limitations, which, as discussed below, bars this action; therefore, whether the plaintiff intended to invoke § 1983 rather than § 1981 is immaterial to review of the complaint.

### *Statute of limitations*

Because neither § 1981 nor § 1983 provides a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Goodman v. Lukens Steel Co.*,

482 U.S. 656, 660-62 (1987).  Thus, in Kentucky, § 1981 and § 1983 actions are limited by the one-year statute of limitations for personal injury found in KY. REV. STAT. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).  "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and . . . a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183.  Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint.  *Fields v. Campbell*, 39 Fed. Appx. 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

      Having reviewed the plaintiff's complaint, the Court determines that his constitutional/federal law claims are time-barred.  The allegations contained in the complaint concern events that plainly accrued in May 2002 at the latest.  Nothing in the complaint suggests that the plaintiff is complaining about events occurring thereafter.  Furthermore, the complaint clearly demonstrates that the plaintiff knew of the alleged violations at the time they occurred.  Therefore, the limitations period began to run at the latest in May 2002.  The plaintiff's complaint was not filed with this Court until March 2007, well after the statute of limitations had run.  Since the plaintiff's complaint was filed outside the one-year limitations period, all of his constitutional/ federal law claims will be dismissed as frivolous pursuant to § 1915(e)(2)(B)(i). *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).  The Court, therefore, declines to exercise its supplemental jurisdiction over the plaintiff's state law claims, and those claims will be dismissed without prejudice.  *See* 28 U.S.C. § 1367(c).

## III. CONCLUSION

The Court will enter a separate order consistent with the Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
  Defendants
  Hardin County Attorney
4412.009